## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DENNIS C. BUTLER,

               Appellant,

      v.

FEDERAL COMMUNICATIONS
    COMMISSION,

               Agency.

DOCKET NUMBER
DC-0752-14-0230-I-1

DATE: October 24, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Richard R. Renner, Washington, D.C., for the appellant.

Ellen Miles, and Lily Sara Farel, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as settled. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant filed an appeal with the Board regarding the agency action removing him from his GS-11 Program Analyst position, effective November 8, 2013.  Initial Appeal File (IAF), Tab 1, Tab 9 at 30, 33-40, 137-44.  He raised affirmative defenses of disability discrimination and reprisal for engaging in equal employment opportunity activity.  *See* IAF, Tab 14 at 2.

¶3        The appellant subsequently entered into a settlement agreement with the agency, which was fully executed on April 30, 2014, wherein he agreed to stop pursuing his Board appeal.  IAF, Tab 17.  The appellant was represented by an attorney who also signed the agreement.  *Id.* at 11.  The agency filed a copy of the agreement with the administrative judge on April 30, 2014, so that it could be entered into the record for enforcement purposes, as specified in paragraph 8 of the agreement.  IAF, Tab 17.  The administrative judge thus issued an initial decision finding that the Board has jurisdiction over the instant appeal, approving the agreement for entry into the record, and dismissing the appeal as settled.  IAF, Tab 18, Initial Decision (ID).

¶4        The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  He argues that the administrative judge erred in dismissing his

appeal as settled because: (1) he signed the settlement agreement under duress and based on misinformation; and (2) the agreement does not comply with the Older Workers Benefit Protection Act of 1990 (OWBPA). *Id.* The agency responded in opposition and the appellant filed a reply. PFR File, Tabs 3-4.

The appellant has not established that he was coerced into signing the settlement agreement.

¶5        The appellant asserts that he did not voluntarily sign the settlement agreement because the administrative judge: (1) advised him that he could lose his case even if the agency did not prove all of its charges, causing him to feel that it would be "futile" to continue litigating the merits of his appeal; (2) informed him, in response to his stated concern about how the settlement agreement would affect his application for disability retirement benefits, that nobody could guarantee how the Office of Personnel Management (OPM) would rule on his application; and (3) created an unlawful time pressure by requiring him to submit a signed settlement agreement by the time of the prehearing conference, which was scheduled to occur 6 days after he received the agreement to review. PFR File, Tab 1 at 5-10. The appellant concedes that his attorney was present during the aforementioned conversation with the administrative judge,[2] but contends that "the benefit of having that legal counsel was washed away when that counsel acted in concert with the Administrative Judge to create the environment of deception and urgency." *Id.* at 9. Based on the foregoing, he claims that he believed the administrative judge would rule against him if he failed to sign the settlement agreement and that it would have been futile to attempt any further discussion with his attorney or the administrative judge regarding the agreement during the 7-day revocation period.[3] *Id.* at 7, 9.

---

[2] The parties waived the prohibition against ex parte communications for the purpose of pursuing settlement. IAF, Tab 14 at 1.

[3] The appellant also asserts that he suffered from insomnia in April and May 2014, which "affected the quality of his judgment." PFR File, Tab 1 at 5. To the extent that the appellant suggests that his insomnia rendered him incapable of validly entering into

¶6  As an initial matter, the appellant did not submit an affidavit, sworn statement, or any other evidence as to the content of any conversations he had with the administrative judge regarding settlement. Rather, all of his assertions are made through his counsel, who admittedly has no personal knowledge of the alleged events, in the petition for review. *See* PFR File, Tab 1 at 3. As explained in footnote 3, the statements of a party's representative in a pleading do not constitute evidence. *Hendricks*, 69 M.S.P.R. at 168. There is also no evidence, and the appellant does not allege, that either he or his attorney raised any objection on the record below to the administrative judge's allegedly coercive conduct, and therefore he cannot do so now. *See Anderson v. Department of the Air Force*, 51 M.S.P.R. 691, 695 (1991).

¶7  Even if the aforementioned events occurred as the appellant alleges, they do not establish a basis to overturn the settlement agreement. First, we discern no error in the administrative judge's informing the appellant about possible outcomes in his appeal. The alleged statement that the appellant could lose even if the agency failed to prove all of its charges is accurate because it is true that the penalty imposed by an agency may still be found reasonable, even when the agency proves fewer than all of its charges. *See, e.g.*, *Tisdell v. Department of the Air Force*, 94 M.S.P.R. 44, ¶ 16 (2003). Further, in settlement negotiations, administrative judges are permitted to inform the parties of the relative strengths and weaknesses of the case, and such statements do not indicate bias or coercion. *Henson v. Department of the Treasury*, 86 M.S.P.R. 221, ¶ 11 (2000).

---

the settlement agreement, we note that a party to a settlement agreement is presumed to have full legal capacity to contract unless he is mentally disabled, and the mental disability is so severe that he cannot form the necessary intent. *See Parks v. U.S. Postal Service*, 113 M.S.P.R. 60, ¶ 6 (2010). The appellant has made no such showing here. His counsel's assertions in the petition for review do not constitute evidence. *See Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995). The appellant has provided neither an affidavit, nor any medical evidence, that would support such a finding.

¶8    Second, as to the appellant's contention that the administrative judge told him nobody could guarantee the outcome of his disability retirement application, we do not agree that this constitutes misinformation.  The appellant suggests that he could have contacted OPM for an opinion about how the settlement agreement would affect his disability retirement application.[4]  PFR File, Tab 1 at 6 n.2, 8.  Assuming arguendo that this is true, he does not identify the information he believes he would have obtained and how it would have affected his decision to settle.  *See Schwartz v. Department of Education*, 113 M.S.P.R. 601, ¶¶ 9-10 (2010).  Moreover, the appellant was represented by an attorney at a law firm that specializes in federal employment law, who presumably could have answered questions he may have had regarding disability retirement.  *See Busen v. Office of Personnel Management*, 49 M.S.P.R. 37, 44 (1991) (finding that the appellant's own attorney's failure to advise him as to whether to agree to a settlement did not provide a basis for finding coercion by the administrative judge); *see also Laranang v. Department of the Navy*, 40 M.S.P.R. 233, 236-37 (1989) (where an appellant is represented, his alleged failure to understand the full implications of a settlement agreement is insufficient to set the agreement aside).

¶9    Third, regarding the appellant's assertion that the administrative judge limited him to 6 days to consider the agreement, we do not agree that this is an unreasonable period of time indicative of duress, particularly given that the settlement agreement explicitly accorded him an additional 7 days to revoke the agreement after signing it.  IAF, Tab 17 at 4; *cf. Soler-Minardo v. Department of Defense*, 92 M.S.P.R. 100, ¶ 10 (2002) (finding that because the appellant had

---

[4] The webpage to which the appellant cites does not support this claim.  It indicates that OPM "will work with *Federal agency staff*" to "help *agencies* structure settlements that are consistent with all Federal personnel laws."  OPM.GOV, Settlement Guidelines, http://www.opm.gov/policy-data-oversight/settlement-guidelines/#url=Conclusion (emphasis added).  This does not establish that he could have contacted OPM for advice regarding the settlement agreement, or that OPM would have guaranteed a specific outcome based on the agreement.

10 days "to consider her options and consult with her attorney before she made her decision," she did not establish that her acceptance of a demotion was involuntary due to extreme time pressure).

¶10      Lastly, the basis for the appellant's claim that his counsel contributed to the deception and coercion which led him to involuntarily sign the settlement agreement is unclear.  He states that his attorney contacted him by phone with the administrative judge on the line after he had already advised his attorney that he did not want to sign the settlement agreement.  PFR File, Tab 1 at 5-6.  We do not view this as a coercive action.  In any event, coercive acts by a party's own representative do not provide a basis for overturning a settlement that is otherwise fair, and we find that the agreement is not unfair on its face.  *See Bynum v. Department of Veterans Affairs*, 77 M.S.P.R. 662, 665 (1998).

The settlement agreement was not required to comply with the OWBPA.

¶11      The appellant raises various arguments, which he contends establish that the settlement agreement fails to comply with the OWBPA.  PFR File, Tab 1 at 15. However, the OWBPA applies only to agreements that settle age discrimination claims.  *See Parker-Allen v. Department of the Treasury*, EEOC Req. No. 05A30633, 2003 WL 21048353, at *1 (May 2, 2003).  The appellant did not raise an age discrimination claim below, and so these arguments are irrelevant.[5] *See id.*; *see also* IAF, Tab 15 at 1.  The appellant seems to suggest that the OWBPA applies because the initial decision in this matter was issued before a hearing was held and he is raising an age discrimination claim on review.  PFR File, Tab 4 at 7.  This is incorrect.  The Board will not review claims of affirmative defenses raised for the first time on review, where they are not supported by any new evidence which was unavailable before the record closed below.  *Arndt v. Department of Transportation*, 16 M.S.P.R. 221, 225 (1983).

---

[5] For this same reason, we reject the appellant's argument that the administrative judge unlawfully pressured him to sign the settlement agreement before the expiration of the 21-day consideration period required under the OWBPA.  *See* PFR File, Tab 1 at 15.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order

before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                       _____
                                     William D. Spencer
                                     Clerk of the Board

Washington, D.C.